# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| Victor A. Ducharne Jr.,<br>Plaintiff,<br><br>v.<br><br>SEI Electric LLC, et al.,<br>Defendants. | Civil Action No.: _____<br><br>**Removed From:**<br><br>The Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.<br><br>Case No.:  2023-004697-CA-01 |

## NOTICE OF REMOVAL

Defendant Google LLC ("***Google***") hereby removes this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami Division on the basis of federal diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1.     On March 16, 2023, Plaintiff Victor A. Ducharne Jr. ("***Plaintiff***"), *pro se*, filed an action for "Defamation (Libel Per Se)" against the original defendant in this action, a company named SEI Electric LLC. Plaintiff has since amended his complaint three times, changing the defendants but asserting the same essential defamation claim based on allegedly defamatory statements made by certain anonymous parties about Plaintiff and some of his family members.

2.     Plaintiff's action was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("***State Court***"), and is currently pending as Case No. 2023-004697-CA-01 (the "***State Court Action***").[1]

---

[1] The current Defendants in the State Court Action, Google and X Corp., were not named as defendants until the Third Amended Complaint filed August 27, 2024, after the State Court instructed Plaintiff that he could not proceed on a "John Doe" complaint. Neither Google nor X Corp. are proper defendants, as they are immune from Plaintiff's purported defamation claims based on third-party content pursuant to Section 230 of the Communications Decency Act, 42 U.S.C. § 230(c)(1). *E.g.*, *Dowbenko v. Google Inc.*, 582 F. App'x 801, 804-05 (11th Cir. 2014).

1

3.      In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Google in the State Court Action, along with a current copy of the State Court Action docket, are attached as **Composite Exhibit A**. A copy of other relevant filings in the State Court Action, including all prior versions of Plaintiff's complaint and certain State Court orders, are attached as **Composite Exhibit B**.[2]

**Procedural Background
and Plaintiff's Amendments of His Defamation Claim**

4.      Plaintiff's original Complaint asserted a claim for "Defamation (Libel Per Se) and damages in excess of $250,000 exclusive of interest, costs, and attorney fees" against the original defendant SEI Electric LLC. (Compl. – Comp. Ex. B at Tab 2, ¶ 1; *see also* Civ. Cover Sheet – Comp. Ex. B at Tab 1, § II (valuing Plaintiff's defamation claim as "over $100,000").)

5.      Plaintiff's original Complaint arose out of a separate, preceding lawsuit with SEI Electric, a company of which he used to be Chief Financial Officer and a Director. (*See, e.g.*, Compl. – Comp. Ex. B at Tab 2, ¶¶ 2-3, 6-9, 13-16.) The original Complaint accuses SEI Electric and its representatives of making defamatory statements against him in the other litigation, the gist of which is that Plaintiff is a criminal, swindler, or fraudster and members of his family participated in the alleged fraud. (*See id.*, ¶¶ 24-25 (describing alleged defamatory statements, which refer to Plaintiff as "VD Serrano" and his family members as "EH Ron" and "VD Nones").) The original Complaint alleged harm to Plaintiff's reputation and sought monetary damages and injunctive relief prohibiting SEI Electric and its representatives from making further defamatory statements. (*Id.*, ¶ 27 & Prayer for Relief.)

---

[2] There are other docket entries in the State Court Action, including Plaintiff's Motion for Injunctive Relief filed September 2, 2024, which has not been served on Google (or X Corp.), noticed for a hearing, or otherwise had a briefing schedule set.

6.      Plaintiff did not serve SEI Electric. (*See* Docket Sheet – Comp. Ex. A at Tab 1; Order – Comp. Ex. B at Tab 6, ¶ 1.)

7.      Instead, on June 6, 2023, Plaintiff filed his first Amended Complaint ("***FAC***") which replaced SEI Electric with an anonymous individual "John Doe" defendant. (*See* FAC – Comp. Ex. B at Tab 3.) The FAC effectively asserted the same claim for "Defamation (Libel and Slander Per Se)," but moved from relying on publication of the statements in the separate lawsuit to publication of substantially the same defamatory statements (*e.g.*, "[Plaintiff is] a criminal swindler or fraudster" and "[his] family was also involved in the scam") through two videos that "John Doe" created and posted on the YouTube platform (the "***Third-Party Videos***"). (*See id.*, ¶¶ 1, 3, 5, 7 & Ex. A thereto.)

8.      The FAC alleged Plaintiff suffered damages to his personal and professional reputation, including "significant emotional distress, reputational harm, and potential damage to [his] personal and professional relationships", and sought monetary damages and a much broader scope of injunctive relief – namely, ordering non-parties YouTube and any other social media platform or search engine to remove the asserted defamatory content and prevent further publication of any defamatory statements against him. (*Id.*, ¶¶ 9, 12, 14.)

9.      On June 20, 2023, Plaintiff filed his Second Amended Complaint ("***SAC***"), which supplemented his defamation claim against "John Doe" by including posts made on the Twitter platform (now X), in addition to the Third-Party Videos posted on YouTube. (SAC – Comp. Ex. B at Tab 4, ¶¶ 1, 3, 4, 7, 10 & Ex. A thereto.) The SAC alleged the same harms and sought the same monetary and injunctive relief as the FAC. (*Id.*, ¶¶ 9, 12-14.)

10.     Plaintiff did not prosecute his case for at least a year, resulting in a lack of prosecution and show cause order. (Order – Comp. Ex. B at Tab 5.) On August 27, 2024, the State

Court entered an additional order instructing Plaintiff that "the filing of a 'John Doe' complaint is not sufficient to commence an action against a real party in interest" and directing Plaintiff to amend his complaint to identify a real party in interest and timely serve that named defendant. (Order – Comp. Ex. B at Tab 6, ¶¶ 1-3.)

11.     Plaintiff then filed his Third Amended Complaint ("***TAC***") on August 27, 2024, asserting the exact same claim for defamation based on the Third-Party Videos and third-party posts on X, but for the first time naming Google and X Corp. as the defendants instead of the third-parties allegedly defaming Plaintiff. (TAC – Comp. Ex. A at Tab 2.)[3] The TAC alleges the same "substantial harm" to Plaintiff as prior versions of his complaint and seeks the same broad injunctive relief against "YouTube, Twitter, Google and any other social media platforms or search engines," but does not seek actual damages from Google or X Corp. (*Id.* at ¶¶ 10, 12.)

12.     On or about August 30, 2024, Google's registered agent in California was served with a copy of the Summons and TAC. (*See* Aff. of Serv. – Comp. Ex. A at Tab 4.) Google's counsel filed their Notice of Appearance on September 11, 2024, and attended the State Court's hearing on Plaintiff's failure to prosecute his case the next day. (*See* Comp. Ex. A at Tabs 5-6.)

13.     Since Google's appearance, the only proceedings that have taken place in the State Court Action are the State Court's hearing and order excusing Plaintiff from failure to prosecute his claims (because there has been recent record activity), and the State Court's grant of Google's and X Corp.'s agreed motions with Plaintiff extending their deadlines to respond to the TAC through and including October 25, 2024. (*See* Comp. Ex. A at Tabs 1, 6-10.)

---

[3] While the "Exhibit A" referenced in the TAC is not attached to that filing (TAC ¶ 10), it appears to be the same "Exhibit A" as in the SAC. (*See* TAC ¶ 8 (describing the third-party posts on YouTube and X, stating: "It [is] evident that these defamatory statements originate from the same individuals we have previously sued").)

**Federal Diversity Jurisdiction Exists**

14.     Google removes this action to the United States District Court for the Southern District of Florida, Miami Division, pursuant to the provisions of 28 U.S.C. § 1441 on the grounds that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

15.     The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse as citizens of different states (Florida versus Delaware/California/Nevada/Texas), and the amount in controversy alleged by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

16.     Plaintiff is an individual Florida resident who resides in Miami-Dade County at 290 Sea View Dr. Key Biscayne, Florida 33149. (TAC – Comp. Ex. A at Tab 2, ¶ 2 & p. 4.)

17.     Defendant Google LLC is a Delaware limited liability company with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC's sole member is XXVI Holdings, Inc., a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. (TAC – Comp. Ex. A at Tab 2, ¶ 3; Google Stmt. of Info., attached as **Exhibit C**.)

18.     Co-Defendant X Corp. is a Nevada corporation with its principal place of business in Bastrop, Texas. (Sec. of State records for X Corp., attached as **Exhibit D**.) Although the TAC alleges X Corp. is a Delaware corporation (TAC – Comp. Ex. A at Tab 2, ¶ 4), there is complete diversity with the Florida-resident Plaintiff regardless if X Corp. is a Delaware or Nevada corporation.

19.     The $75,000 amount in controversy is satisfied here based on Plaintiff's demand of over $250,000 in his original Complaint and the alleged value of the injunctive relief sought, even though the TAC does not seek monetary damages or expressly value the injunctive relief.

20.    When removal to federal court is based on diversity jurisdiction:

… the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that … the notice of removal may assert the amount in controversy if the initial pleading seeks … nonmonetary relief ….

28 U.S.C. § 1446(c)(2).

21.    Furthermore, in actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the <u>object</u> of the litigation. *Hunt v. Wash. State Apple Adv. Comm'n*, 432 U.S. 333, 347 (1977); *see also Balarezo Family Chiropractic, LLC v. State Farm Mut. Auto. Ins. Co.*, 23-24534-CIV, 2024 WL 2782890, at *12-13 (S.D. Fla. Feb. 2, 2024); *Rapid Auto Loans, LLC v. Orion Portfolio Servs., LLC*, 18-23427-CIV, 2018 WL 8223779, at *1 (S.D. Fla. Sept. 7, 2018).

22.    In the Eleventh Circuit, courts must apply the "plaintiff-viewpoint rule" and measure the monetary value of the dispute solely from the plaintiff's prospective. *See M Seven Holdings LLC v. Lyman Prods. Corp.*, 2:20-cv-433-JLB-NPM, 2021 WL 4914437, *2 (M.D. Fla. Mar. 29, 2021) (citing *Ericsson GE Mobile Commc'n, Inc. v. Motorola Commc'n & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)). The Court may use judicial experience and common sense in determining the amount in controversy, and may also permit the use of deduction, inference, or other extrapolations of the amount in controversy when it does not appear expressly on the face of the complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); *Kraz, LLC v. Branch Banking & Tr. Co.*, 8:15-CV-01042-EAK, 2015 WL 4623788, at *2 (M.D. Fla. July 31, 2015) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753-54 (11th Cir 2010)).

23.    The amount in controversy requirement is met here because Plaintiff's initial pleading demanded more than $250,000. (Compl. – Comp. Ex. B at Tab 1, ¶ 1.) Hence, Plaintiff provided his viewpoint of the value of the object of the litigation.

24.     Although Plaintiff no longer seeks to recover actual damages by his TAC – at least not from Google and X – the TAC alleges Plaintiff has suffered the same harms as alleged in his original Complaint (and all amendments thereto) from the same or substantially the same alleged defamatory statements. (*Compare* TAC – Comp. Ex. A at Tab 2, ¶¶ 6, 10 (alleging "significant harm to [Plaintiff's] reputation" and "substantial harm to [Plaintiff's] personal and professional reputation") *with* Compl. – Comp. Ex. B at Tab 2, ¶ 21 (alleging "harm [to] the credibility and reputation of [Plaintiff]").)

25.     Moreover, Plaintiff continues to seek injunctive relief concerning those statements, and now seeks a much broader scope of injunction – not against the actual persons responsible for making those statements, but against Google, X Corp. and every other social media platform and search engine. Hence, the Court can readily conclude that the value of the object of this litigation as put forth by Plaintiff exceeds the $75,000 jurisdictional requirement.

### Co-Defendant X Consents to Removal

26.     Co-Defendant X Corp. has made a preliminary appearance in this matter. (*See* Comp. Ex. A at Tabs 9-10.) Counsel for Google has conferred with X Corp.'s counsel and is informed that X Corp. consents to removal of this action to federal court.

### Timeliness of Removal and Deadline to Respond to Complaint

27.     This Notice of Removal is timely because it is filed by Google within thirty (30) days after Google was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

28.     Google has not filed a responsive pleading in the State Court Action, and the State Court granted an agreed motion and extended the deadline for Google to respond to the TAC to October 25, 2024. (Order – Comp. Ex. A at Tabs 7-8.)

29.     Similarly, X has not filed a responsive pleading in the State Court Action, and the State Court also granted an agreed motion and extended the deadline for X to respond to the TAC to October 25, 2024 as well. (Order – Comp. Ex. A at Tabs 9-10.)

30.     Pursuant to Rule 81(c)(2)(C) of the Federal Rules of Civil Procedure, Google's deadline to respond to the TAC in this Court shall run for seven (7) days from the removal of this action, through and including October 7, 2024. However, in light of the agreed orders in the State Court Action extending the deadlines for both Defendants to respond to the TAC through and including October 25, 2024, Google respectfully submits that such agreed upon deadline should be applied upon removal. Given Rule 81(c)(2)(C), Google will file a separate motion to confirm and/or extend the response deadline to October 25, 2024 consistent with the parties' prior agreements.

### Venue and Miscellaneous Issues

31.     Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of Florida, Miami division, is the venue for removal of this action. The State Court Action was filed in the Miami-Dade County Circuit Court – the forum in which the removed action was pending – and this federal district and division embrace the place where such action is pending.

32.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served promptly upon Plaintiff and Co-Defendant X Corp., and will be promptly filed with the Clerk of the Circuit Court of Miami-Dade County, Florida.

33.     In filing this Notice of Removal, Google does not waive any defenses or counterclaims that may be available to it.

WHEREFORE, Defendant Google hereby gives notice that the above-referenced action pending in the Miami-Dade County Circuit Court has been removed from there to this Court.

Respectfully submitted this 30th day of September, 2024.

/s/ Damon J. Whitaker
**BRYAN CAVE LEIGHTON PAISNER LLP**
Damon J. Whitaker, Esq.
Florida Bar No. 0923591
1201 W. Peachtree St. NW, 14th Floor
Atlanta, GA 30309
Tel: (404) 572-6600
Email: damon.whitaker@bclplaw.com

Ezequiel J. Romero, Esq.
Florida Bar No. 107216
200 South Biscayne Blvd., Ste 400
Miami, FL 33131
Tel: (786) 322-7500
Email: ezequiel.romero@bclplaw.com
        romeroe@bclplaw.com

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2024, a true and correct copy of the foregoing

Notice of Removal was e-filed using the Court's ECF System and was served as follows:

On Plaintiff Victor A. Ducharne Jr.          On Co-Defendant X Corp.

Via U.S. Mail and Email:                     Via Email to Outside Counsel
290 Sea View Dr.                             **Shook, Hardy & Bacon L.L.P.**
Key Biscayne, Florida 33149                  Gregory Boulos, Esq.
vducharne@yahoo.com                          Christopher S.A. Shand, Esq.
                                             gboulos@shb.com
                                             jfreire@shb.com
                                             cshand@shb.com

/s/ Damon J. Whitaker
*One of the Attorneys for Google LLC*